# EXHIBIT A

James P. Kimball, Esq. – 026251992
**SEIGEL LAW LLC**
505 Goffle Road
Ridgewood, New Jersey 07450
(201) 444-4000
Attorneys for Plaintiff, Nelson R. Cepeda,
Jessica L. Cepeda, Jadon Cepeda

| | |
|---|---|
| NELSON R. CEPEDA, JESSICA L. CEPEDA and JADON CEPEDA, *Plaintiffs*, vs. MILE ANASTASOV, RYDER TRUCK RENTAL INC., JOHN DOES 1-5 (fictitiously named) and ABC COMPANIES 1-5 (fictitiously named), *Defendants*. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY DOCKET NO. BER-L- *Civil Action* **COMPLAINT, JURY DEMAND & DISCOVERY DEMANDS** |

Plaintiffs, NELSON R. CEPEDA, JESSICA L. CEPEDA and JADON CEPEDA, residing at 5601 Boulevard East, Apartment 15G, West New York, New Jersey, by way of Complaint against Defendant(s), declares:

## FIRST COUNT

1. On or about the 18th day of January, 2020 Plaintiff, NELSON R. CEPEDA, was operating a motor vehicle traveling southbound on Liberty Street near the intersection of Washington Avenue in Little Ferry, New Jersey.

2. At the above time and place, Defendant(s), MILE ANASTASOV and/or JOHN DOES 1-5 (fictitiously named), was the operator a motor vehicle with the consent of or acting as the agent and/or employee of Defendants, RYDER TRUCK RENTAL INC., JOHN DOES 1-5

(fictitiously named) and ABC COMPANIES 1-5 (fictitiously named), that was also traveling southbound on Liberty Street near the intersection of Washington Avenue in Little Ferry, New Jersey.

3. At the above time and place, Defendants, each of them, so carelessly, negligently and/or recklessly operated, owned, entrusted, used, maintained and/or repaired said motor vehicle and crashed into the rear-end of Plaintiff's vehicle which was stopped for a traffic light.

4. As a direct and proximate result of the aforementioned negligence, Plaintiff, NELSON R. CEPEDA, was caused to sustain serious and permanent injuries and has suffered great pain, shock, and mental anguish, and was and still is incapacitated and will be permanently disabled, has in the past and will in the future be caused to expend substantial sums of money for medical treatment.

**WHEREFORE**, Plaintiff, NELSON R. CEPEDA, demands judgment for compensatory damages against Defendants, individually, jointly or in the alternative, together with interest, attorney's fees, and costs of suit.

## SECOND COUNT

1. Plaintiff, JESSICA L. CEPEDA, repeats and reaffirms the prior paragraphs of the Complaint as fi set for the verbatim herein.

2. At the above time and place, Plaintiff, JESSICA L. CEPEDA, was a passenger in the motor vehicle being operated by Plaintiff, NELSON R. CEPEDA.

3. As a direct and proximate result of the aforementioned negligence by Defendants, Plaintiff, JESSICA L. CEPEDA, was caused to sustain serious and permanent injuries and has suffered great pain, shock, and mental anguish, and was and still is incapacitated and will be

permanently disabled, has in the past and will in the future be caused to expend substantial sums of money for medical treatment.

**WHEREFORE**, Plaintiff, JESSICA L. CEPEDA, demands judgment for compensatory damages against Defendants, individually, jointly or in the alternative, together with interest, attorney's fees, and costs of suit.

### THIRD COUNT

1. Plaintiff, JADON CEPEDA, repeats and reaffirms the prior paragraphs of the Complaint as fi set for the verbatim herein.

2. At the above time and place, Plaintiff, JADON CEPEDA, was a passenger in the motor vehicle being operated by Plaintiff, NELSON R. CEPEDA.

3. As a direct and proximate result of the aforementioned negligence by Defendants, Plaintiff, JADON CEPEDA, was caused to sustain serious and permanent injuries and has suffered great pain, shock, and mental anguish, and was and still is, incapacitated and will be permanently disabled, has in the past and will in the future be caused to expend substantial sums of money for medical treatment.

**WHEREFORE**, Plaintiff, JADON CEPEDA, demands judgment for compensatory damages against Defendants, individually, jointly or in the alternative, together with interest, attorney's fees, and costs of suit.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c), James P. Kimball, Esq., is designated as trial counsel.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

### STATEMENT OF DAMAGES

Plaintiff requests damages in the amount of $1,000,000.00.

3

## CERTIFICATION

Pursuant to R. 4:5-1, the undersigned certifies that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding.

SEIGEL LAW LLC  
Attorneys for Plaintiff(s)  

By: /s/ James P. Kimball  
James P. Kimball, Esq.

Dated: October 22, 2020

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R. 4:10-2(b), Plaintiff demands confirmation and copies of all insurance agreements applicable to all answering Defendants.

SEIGEL LAW LLC  
Attorneys for Plaintiff(s)  

By: /s/ James P. Kimball  
James P. Kimball, Esq.

Dated: October 22, 2020

## DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

Pursuant to R. 4:17-1 *et seq.*, Plaintiff hereby demands that all Defendants provide certified answers to Form C and C(1) interrogatories.

SEIGEL LAW LLC  
Attorneys for Plaintiff(s)  

By: /s/ James P. Kimball  
James P. Kimball, Esq.

Dated: October 22, 2020

## DEMAND FOR ANSWERS TO SUPPLEMENTAL INTERROGATORIES

Pursuant to R. 4:17-1 *et seq.*, Plaintiff hereby demands that all Defendants provide certified answers to the following supplemental interrogatories:

1. Where you were coming from immediately prior to the incident?

2. What was your intended destination when the accident occurred?

3. Did you observe Plaintiff's vehicle prior to the crash? If yes, state: (a) the approximate speed of your vehicle when you first observed Plaintiff's vehicle; (b) the location of your vehicle when you first observed Plaintiff's vehicle; (c) the distance between your vehicle and Plaintiff's vehicle from the moment you first observed Plaintiff's vehicle and (d) the amount of time that passed from the time of your first observation of Plaintiff's vehicle to the time of the impact.

4. At the time of the accident, were you prescribed glasses or contact lenses? If so, were you wearing glasses or contact lenses; what was the prescription strength; and who is your eye doctor.

5. Do you dispute any of the statements attributed to you in the police report that was generated as a result of the subject accident? If so, state specifically which statements you dispute.

6. How many impacts was your vehicle involved with?

7. Did you own a cellular phone at the time of the accident? Is so, state the phone number and wireless carrier.

8. Do you attribute fault for the accident to any other parties or non-parties? If so, explain.

9. Were you driving at the time of the crash for work or on of anyone else? If so, identify the employer, agent or other person or company that you were driving the car at the time of the accident.

10. Did you consume or ingest any alcoholic beverages, prescription medication and/or drugs within five hours of the accident set forth in the Complaint? If so, identify the substance, the amount or dosages, and the location/establishment where you consumed any alcoholic beverages.

                                              SEIGEL LAW LLC
                                              Attorneys for Plaintiff(s)

                                     By:   */s/ James P. Kimball*
                                             James P. Kimball, Esq.

Dated: October 22, 2020

## DEMAND FOR PRODUCTION OF DOCUMENTS

Pursuant to R. 4:18-1, *et seq.*, Plaintiff hereby demands that all Defendants provide the following documents:

1. Any and all statements or reports made by any person or governmental entity concerning this civil action or its subject matter.

2. Copies of any and all photographs or videos in your possession of the vehicles, the location, or the parties involved in this accident.

3. Copies of any and all repairs estimates of the vehicles involved in this accident.

4. Copies of any claims information bureau or other insurance claims searches or other documents referencing any prior or subsequent injuries and/or claims by Plaintiff.

5. Copies of any oral or written statements made by any person with regard to the happening of the collision or having to do with the subject matter of this action.

6. Copies of any and all expert reports, reports of diagnostic tests, hospital and medical records, X-rays, CAT scan films, MRI films and any other films and bills relating to any condition or injury sustained by Plaintiff.

7. Copies of all written reports or summaries of oral reports of all expert or treating or examining physicians along with their curriculum vitae.

8. Copies of any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to, utilized by or relied upon by any expert witness whom plaintiff/defendant intends to call at the time of trial.

9. Copies of any and all documents, reports, correspondence, blue prints, charts, diagrams, drawings, graphs, maps, plats, plans, photographs, models or other visual reproductions of any object, place or thing prepared or utilized by, referred to or relied upon by any expert witnesses, whether or not you intend on calling them at the time of trial.

10. Copies of any and all photographs, diagrams, charts, drawings, maps, plans or models or other visual reproductions of any object, place or thing related to this litigation.

SEIGEL LAW LLC
Attorneys for Plaintiff(s)

By: /s/ *James P. Kimball*
James P. Kimball, Esq.

Dated: October 22, 2020